WIGGINTON, Chief Judge.
Plaintiff has appealed a final judgment based upon a jury verdict rendered in favor of the defendants. The sole question on appeal concerns the alleged error of the trial court in denying plaintiff’s motion for a mistrial because of alleged improper and inflammatory remarks made by defendants’ counsel in his closing argument to the jury.
The evidence, when considered in a light most favorable to the prevailing defendant, preponderantly establishes that prior to and at the time of the collision out of which this litigation arose plaintiff was in a highly intoxicated condition; he drove his vehicle across the center line of the road and head-on into the vehicle operated by defendant who was proceeding in the opposite direction. Although defendant was, at the time of the collision, operating his vehicle in an entirely lawful and proper manner, and as a result of the collision his vehicle was practically demolished and he was seriously injured, nevertheless plaintiff brought this action to recover the damages suffered by him. The defense interposed was that the sole proximate cause of the collision was the negligence of plaintiff in carelessly and recklessly operating his vehicle while in a highly intoxicated condition and in violation of the rules of the road.
In his summation to the jury defendants’ counsel argued that a judgment against his clients would have a profound detrimental effect upon their economic well-being and that of their respective families. In addition, counsel made repeated references to the effect that plaintiff had been drinking alcoholic beverages throughout the day preceding the collision, was in a highly intoxicated state, and that it was because of his negligence in the operation of his vehicle that the collision occurred.
Appellant contends that the argument of counsel to the effect that a judgment rendered against appellees would have a serious impact upon their financial position was misleading and prejudicial because appellant assumes that appellees were protected by liability insurance, a fact not disclosed by the record nor injected into the case in any manner. Appellant further contends that the repeated references by counsel to appellant’s intoxicated condition while operating his vehicle were highly inflammatory and calculated to so prejudice the minds of the jury as to prevent him from receiving a fair and impartial trial.
We have given careful consideration to the remarks of appellees’ counsel against which objection has been leveled. When such remarks are considered in light of the issues, the proof adduced at the trial, and in context with counsel’s entire summation, it is our view that the statements fall within permissible limits of legitimate advocacy. This is the conclusion reached by the trial judge who was present throughout the trial and who had a better opportunity *153 than we to assess the tone and manner in which the remarks were made, and the apparent effect they had on the jury in reaching its decision. In considering the propriety of the defense counsel’s remarks concerning plaintiff’s intoxication, it must be remembered that this subject was the central issue of the defense, it lay at the heart of this litigation and was naturally discussed by both sides in their oral argument. Our affirmance of the final judgment herein, therefore, must not be construed as an approval of the appropriateness of similar remarks in other circumstances. Appellant having failed to demonstrate an abuse of discretion by the trial court in denying his motion for a mistrial, the judgment appealed is affirmed.
We have considered the cross-assignments of error and points on appeal presented by appellees, but either find it unnecessary to determine the issues presented or find them to be without substantial merit.
Affirmed.
CARROLL, DONALD K., J., concurs.
RAWLS, J., dissents.